United States District Court
Southern District of Texas
ENTERED

FEB 2 6 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| | § | CIVIL NO. B-08-CV-403 |
| v. | § § | (CRIM. NO. B-06-CR-664-01) |
| ROSENDO CANTU-FLORES Defendant. | § § § | |

# MEMORANDUM OPINION AND ORDER

On August 18, 2008, Rosendo Cantu-Flores ("Defendant") filed two separate documents: a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence (Doc. No. 1) and a Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 2).[1] On January 12, 2009, the United States of America ("the Government") filed a Response, Answer and Motion to Dismiss Cantu's Motion to Vacate Sentence Under 28 U.S.C. § 2255 and, in the Alternative, Motion for Summary Judgment. (Doc. Nos. 6 and 7).

Having considered Defendants' Motion, the Government's Response, and all relevant legal authority, the Court hereby **GRANTS** the Government's Motion to Dismiss (Doc. Nos. 6 and 7) and **DISMISSES** Defendant's motion for relief under § 2255 (Doc. Nos. 1 and 2) **WITH PREJUDICE**.

## Background

This case (post-judgment) has been subject to a somewhat confused procedural history. Defendant Cantu-Flores was indicted on August 8, 2006, for one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); and one count of possession with intent to distribute the same, in violation of 21

---

[1] For the purposes of this Order, the Court treats these two documents as a single motion for relief under § 2255.

U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Doc. No. 9 of 1:08-cr-664-01). Defendant originally pleaded not guilty to these charges at his arraignment before Magistrate Judge John William Black on August 16, 2006. On October 3, 2006, however, Defendant requested to be re-arraigned and subsequently pleaded guilty to count 2 of the indictment before Judge Andrew S. Hanen pursuant to a plea agreement (Doc. No. 19 of 1:06-cr-664-01). Defendant was then sentenced by Judge Hanen on January 22, 2007, and a judgment was entered sentencing Defendant to imprisonment for 72 months, to be followed by a period of supervised release for five years (*id.*).

Almost a year-and-a-half later, on June 2, 2008, Defendant filed a motion for a certificate of appealability (Doc. No. 37 of 1:06-cr-664-01), which was denied by this Court on June 17, 2008 (Doc. No. 38 of 1:06-cr-664-01). On June 26, 2008, Defendant filed a motion asking to withdraw the motion for certificate of appealability and requesting paperwork appropriate to a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 41 of 1:06-cr-664-01).

Defendant filed the instant motion for relief pursuant to 28 U.S.C. § 2255 on August 18, 2008. (Doc. Nos. 1 and 2). On December 15, 2008, this Court ordered the Government to file a response. (Doc. No. 3). Four days later, on December 19, 2008, Defendant filed a Notice of Appeal of Final Sentence Pursuant to 18 U.S.C. § 3742, which attacked this Court's allegedly "illegal sentence imposed in violation of the law and as a result of the incorrect application of the guidelines." (Doc. No. 44 of 1:06-cr-664-01). The Government filed its answer to and motion to dismiss Defendant's motion for relief on January 12, 2009. (Doc. Nos. 6 and 7). Defendant filed a response to the Government's motion on January 26, 2009. (Doc. No. 51 of 1:06-cr-664-01). On February 11, 2009, the Fifth Circuit dismissed Defendant's appeal on the grounds that "no final



decision has been made in this case." (Doc. No. 52 of 1:06-cr-664-01).[2] The Court in the instant Order addresses both the merits of Defendant's motion for relief under § 2255, as well as various outstanding procedural issues.

## Discussion

Defendant advances the following grounds for relief under 28 U.S.C. § 2255: (1) his conviction was obtained by a coerced confession; (2) the prosecution failed to disclose to Defendant evidence favorable to his case; (3) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (4) he was denied of effective assistance of counsel. (*See* Doc. Nos. 1 and 2).

### I. Timeliness

The Government argues first that Defendant's motion is untimely and subject to dismissal on this basis. (Doc. No. 6 at 2). Title 28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> ***

28 U.S.C. § 2255 (as amended June 1, 1996). The judgment in Defendant's case, 1:08-cr-664-01, was entered January 22, 2007. (Doc. No. 34 of 1:08-cr-664-01). Defendant then had ten days to file a notice of appeal from the date of the entry of the judgment. FED. R. APP. P. 4(b)(1)(A)(i). Defendant's conviction became final on March 5, 2007, the last day for filing a motion for extension

---

[2] The Court notes that the Fifth Circuit in this Order seems to have construed Defendant's notice as an appeal of a decision, not yet made, on his motion to vacate under § 2255, rather than an appeal of the final judgment pursuant to 18 U.S.C. § 3742, which is how this Court interpreted Defendant's notice. Nevertheless, this Court proceeds herein to rule on the § 2255 motion, and to the extent that Defendant's notice, construed as an appeal of the final judgment, is untimely, see FED. R. APP. P. 4(b)(1)(A)(I), this Court will assume that the Fifth Circuit would dismiss or deny such an appeal, as well.

of time to file notice of appeal due to excusable neglect, pursuant to Federal Rules of Appellate Procedure 4(b)(4) and 26. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000). Thus, Defendant had one year from March 5, 2007, within which to file a motion under § 2255. Defendant filed the instant motion under § 2255 on August 18, 2008, more than one year after March 5, 2007, the date his conviction became final.

Under "rare and exceptional circumstances," a Court may invoke equitable tolling to circumvent applicable statutes of limitation. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Defendant makes no assertion that any of his claims constitute such "rare and exceptional circumstances," nor does he invoke the possibility of equitable tolling. Under the caption "Timeliness of Motion," Defendant describes the difficulties his incarceration has visited upon his family and resolves not to come back into the United States, but he does not explain or attempt to excuse his delay.

For these reasons, the Court finds that Defendant's motion is time-barred, and the Court is therefore authorized to dismiss the motion on this ground alone.

## II.   Waiver

The Government also asserts that the defendant waived his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 6 at 6). To determine whether collateral attack of a sentence is barred by a waiver provision in a plea agreement, federal courts conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). If the record of a Rule 11 hearing "clearly indicates that a defendant has read and understands his plea agreement . . . the defendant will be held to the bargain to which

he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). The court is to give "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). A defendant's declarations under oath before the court regarding the voluntariness of a waiver of the right to collaterally attack a sentence under § 2255 carry a "strong presumption of verity." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). Where the record clearly indicates that a defendant understood his plea agreement and the defendant raises no objections regarding the waiver provisions, the defendant should be "held to the bargain to which he agreed." *Portillo*, 18 F.3d at 293.

In his plea agreement, filed October 3, 2006, Defendant waived his right to appeal and to file a § 2255 motion. (Doc. No. 19 of 1:06-cr-664-01). Section 10 of the plea agreement states:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651 and 2255.**

(*Id.* at ¶ 10) (emphasis in original). Defendant certified that he had consulted with his counsel and that he fully understood all of his rights with respect to the charges pending against him. (*Id.* at p. 8). Defendant also certified that he was satisfied that his attorney had rendered effective assistance. (*Id.* at p. 7). He then certified that he had read the plea agreement and carefully reviewed every part of it with his attorney. (*Id.* at p. 8). Defendant signed the plea agreement and certified that he

5

understood the agreement and voluntarily agreed to it. (*Id.*). Defendant's counsel also certified that he had explained to the defendant his rights with respect to the indictment and the Sentencing Guidelines, and carefully reviewed the plea agreement with the defendant. (*Id.* at 9). Counsel further certified that, to his knowledge, the defendant's decision to enter into the plea agreement was an informed and voluntary decision. (*Id.*).

At his re-arraignment, held before this Court, Defendant confirmed that he had had the opportunity to go over the indictment with his counsel and that he understood the charges against him. Defendant confirmed that he understood exactly what the agreement contained when he signed it. Defendant also stated that he understood that in his plea agreement he had agreed to waive the right to collaterally attack his sentence under 28 U.S.C. §§ 1651 and 2255. (*See* Transcript of Re-arraignment as to Rosendo Cantu-Flores, October 3, 2006). Defendant knowingly and voluntarily waived the right to collaterally attack his sentence pursuant to § 2255.

A waiver of the right to collaterally attack a sentence under § 2255 does not preclude the defendant from bringing a claim of ineffective assistance of counsel, if the challenged assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The closest Defendant comes to challenging the validity of his plea is his allegation that "the Honorable attorney told me to make plea guilty to [sic], Even that I was not Precent [sic] The date of the Arrest, So now I think that I was A Mistake with the Plea . . . Eneven [sic] that I was not Guilty." (Doc. No. 1 at 5). This conclusory allegation is insufficient to raise an issue on collateral review. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The allegation is also deficient for reasons explained more fully below. *See infra* at 7. Thus, the Court finds that Defendant has waived his right to the instant motion, and the Court is therefore authorized

to dismiss the motion on this ground alone. Nonetheless, out of an abundance of caution, the Court will consider the merits of Defendant's claims.

### III. Claims

Defendant is *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

An ineffective assistance of counsel allegation in a § 2255 motion is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail under this test, Defendant must show that his counsel's performance was both deficient and prejudicial. *Id.* To show deficience, Defendant must demonstrate that counsel's performance was outside the broad range of what is considered reasonable assistance; to show prejudice, Defendant must show that this deficient performance led to a "fundamentally unfair" and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). If Defendant fails to prove one prong, the Court need not analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Ground 1: *Defendant's conviction was obtained by a coerced confession*

Defendant lists as his first ground for relief: "Conviction Obtained by use of coerced confession." (Doc. No. 1 at 5). Defendant's explanation of this ground, which the Court discussed *supra* at 6 in the context of waiver, consists of the conclusory allegations that Defendant's attorney told him to make a guilty plea, even though Defendant "was not pre[s]ent [on t]he date of the arrest," and that Defendant now believes he made a mistake in pleading guilty. (*Id.*).

As discussed *supra*, conclusory allegations are insufficient to raise an issue on collateral

7

review. *See Ross*, 694 F.2d at 1011. Defendant's allegations also directly contradict his sworn statements made during the re-arraignment hearing, at which he represented to the Court that he had read and understood the entire plea agreement, agreed with its provisions, had consulted with his attorney, and had not been induced to sign the agreement by any promises, representations, or coercion. (*See* Transcript of Re-arraignment as to Rosendo Cantu-Flores, October 3, 2006). In the plea agreement itself, Defendant affirmed the following facts: Defendant and another party "were followed and were observed holding black bags"; "both defendants were detained by the border patrol"; the two black bags recovered contained 14 kilograms of cocaine; and both "defendants admit to aiding each other in the possession of the cocaine with the intent to distribute it." (Doc. No. 19 at "Plea Packet Memo"). Further, Defendant swore that he was pleading guilty voluntarily and of his own free will. No mention was made of a forced confession. (*See* Transcript of Re-arraignment as to Rosendo Cantu-Flores, October 3, 2006).

"Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceeding." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (internal quotations omitted). Further, "an allegation of a coerced confession is, without more, not grounds for [granting relief under § 2255]." *Traber v. United States*, 466 F.2d 483, 484 (5th Cir. 1972). Finally, Defendant has provided no fact or argument suggesting that anything his attorney did with respect to advising him concerning his plea was outside the broad range of what is considered effective assistance. For these reasons, Defendant's request for relief on this ground fails.

Ground 2: *The prosecution failed to disclose to Defendant evidence favorable to his case*

As his second ground, Defendant alleges that his conviction was "obtained by the Unconstitutional Failure of the Prosecution to disclose to the defendant's [sic] Evidence favorable to [Defendant]." (Doc. No. 1 at 6). Defendant's explanation consists of the allegation that during his court appearance, he had no opportunity to defend himself and could not mention anything to the judge about his situation, specifically, that he was not guilty of the charges made against him, that he was arrested illegally, and that he was in the wrong place at the wrong time. (*Id.*).

Again, Defendant's assertion contradicts his own statements made in open court during his re-arraignment. The Government Attorney specifically read to Defendant the factual scenario underlying the indictment, including the date of the incident, its location, the unlawful activity in question, and his involvement in that activity. When asked if he understood the factual summary as just read to him, Defendant answered in the affirmative. When asked if the factual summary was true, Defendant answered "yes." (*See* Transcript of Re-arraignment as to Rosendo Cantu-Flores, October 3, 2006). Defendant has failed to provide any fact or argument sufficient to overcome the strong presumption of the veracity of this statement made in open court. *See Cervantes*, 132 F.3d at 1110. Furthermore, Defendant does not suggest a single exculpatory fact that the Government allegedly withheld. For these reasons, Defendant's request for relief fails on this ground, as well.

Ground 3: *Defendant's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest*

In his explanation of his third ground for relief, Defendant reiterates his claim of innocence and further asserts that he never saw the drugs at issue in his arrest, and that he was arrested illegally because the person found with the drugs said that Defendant was with him to obtain a lesser

9

sentence. (Doc. No. 1 at 8).

The Court will treat this argument as a claim of "actual innocence." We note first that a motion to vacate a sentence "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted). Defendant did not file a timely direct appeal, and thus he may only raise this claim on collateral review if he can demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). Regarding cause and prejudice, Defendant asserts only that his failure to raise this issue in a timely appeal was due to his attorney's neglect, a conclusory allegation that the Court has already discussed and rejected. *See supra* at 6. Proving the actual-innocence prong of this test requires that Defendant show "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted." *Torres*, 163 F.3d at 912.

At re-arraignment, Defendant agreed under oath with the Government's factual summary asserting that he and his co-defendant

> were observed by border patrol running from the Rio Grande River north in Cameron County, Texas. The individuals were followed and were observed holding black bags. Both defendants were detained by the border patrol. The two black bags that were recovered contained 14 kilograms (30.80 pounds) of cocaine. Both defendants admit to aiding each other in the possession of the cocaine with the intent to distribute it.

(Doc. No. 19 at "Plea Packet Memo"). Considering Defendant's signed plea agreement, as well as his agreement in open court to the Government's factual summary, the Court finds that it is not "more likely than not that no reasonable juror would have convicted" Defendant. Accordingly, the Court rejects Defendant's claim of actual innocence.

Ground 4: *Ineffective assistance of counsel*

Defendant asserts two grounds that he specifically characterizes as denial of effective assistance of counsel. The first ground essentially rehashes Defendant's claim that he told his attorney that he was innocent, but his attorney failed to raise this issue before the Court. Again, to the extent that this ground is (1) conclusory and (2) directly contradicts the substance of Defendant's plea agreement and his sworn statements in open court, the ground fails on collateral review.

As his second ground, Defendant contends that his counsel failed to argue at sentencing that Defendant's ineligibility for minimum security confinement, enrollment in a drug program, and pre-release from custody as a consequence of his status as a deportable alien constitute significant mitigating factors that implicate his equal protection rights under the 14th Amendment. (Doc. No. 2).

In the first place, the Fifth Circuit has upheld the constitutionality of distinctions between citizens and aliens in contexts where such distinctions are rationally related to a legitimate government purpose. To the extent that the benefits Defendant mentions serve the purpose of re-integrating the offender into the community, it is not "wholly irrational" for the state to deny these benefits to aliens who will be deported to other countries. *See Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–64 (5th Cir. 2002). Thus, Defendant's counsel cannot have been ineffective in failing to urge an argument that the Fifth Circuit has foreclosed.

Second, even if Defendant's counsel should have raised this argument, and assuming that his counsel's failure to do so fell outside the "broad range" of what is considered reasonable assistance, Defendant has failed to show that his counsel's failure caused him prejudice. In the context of sentencing, the Fifth Circuit has held that "[t]o prove prejudice, [Defendant] must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005) (internal quotations omitted). Nothing in the record indicates that it was likely the Court would have granted a downward departure on the ground that Defendant was an alien. Thus, Defendant has failed to show prejudice.

If Defendant fails to prove one prong of the *Strickland* test, the Court need not analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Accordingly, Defendant's claim of ineffective assistance of counsel on this ground fails.

For these reasons, the Court hereby **GRANTS** the Government's Motion to Dismiss (Doc. Nos. 6 and 7) and **DISMISSES** Defendant's motion for relief under § 2255 (Doc. Nos. 1 and 2) **WITH PREJUDICE**.

Signed this 26th day of February, 2009.

Andrew S. Hanen

United States District Judge